J-S38016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TREVOR DARLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DICKINSON FLEET SERVICES, LLC | : | No. 639 EDA 2019 |

Appeal from the Order Entered January 24, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 8857-CV-2015

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 28, 2019**

Appellant Trevor Darling appeals from the Order entered by the Monroe County Court of Common Pleas granting summary judgment to Appellee Dickinson Fleet Services.  Appellant asserts that the trial court erred in granting the motion because he had alleged sufficient facts to establish that his shoulder injury resulted from Appellee's negligence in repairing its truck.

We glean the following summary of the facts of this case from our review of the reproduced record and the trial court's Opinion granting Appellee's Motion for Summary Judgment.  *See* Trial Ct. Op., dated 1/24/19.  Appellant filed a Summons and subsequent Complaint alleging that on December 19, 2013, while he was attempting to open a roll-up door on a truck's trailer, it stuck, causing him to injure his shoulder and neck.   ***See*** Complaint, filed

_____

* Retired Senior Judge assigned to the Superior Court.

12/21/15. He asserted that Appellee was responsible for repairing the door[1] of the trailer prior to his injury and it did so negligently, causing Appellant's injuries. Appellee answered and asserted new matter.

Discovery proceeded, including the production of invoices from Appellee showing it had not worked on the subject trailer, and deposition testimony from Appellant and some of his co-workers, none of whom could state definitively that Appellee had worked on the subject trailer prior to Appellant's accident. Appellant did not present expert testimony.

On November 19, 2018, Appellee filed a Motion for Summary Judgment, to which Appellant responded with a Brief in Opposition. The court did not hold oral argument, and on January 24, 2019, after considering the submissions of the parties, entered an Order and Opinion granting the Motion for Summary Judgment. Appellant timely appealed.

Appellant raises one issue for our review: "[w]hether the [t]rial [c]ourt made an error in granting summary judgment in favor of Appellee when a genuine issue of material fact existed as to the evidence presenting substantiating negligence on behalf of the Appellee." Appellant's Brief at 5.

Summary judgment is appropriate where the pleadings fail to present a genuine issue as to a material fact "as to a necessary element of the cause of

_____

[1] Appellant worked as a tractor-trailer truck driver for Team One Contract Services, LLC, a subcontractor for UPS. He drove trailers containing Mazda vehicle parts throughout the East Coast. Appellee had, in the past, provided repair services to trailers owned and operated by UPS. The trailer that allegedly caused Appellant's injury was owned by Extra Leasing, LLC.

- 2 -

action" or when the party bearing the burden of proof has failed to present evidence sufficient to prove the facts "essential to the cause of action." Pa.R.C.P. 1035.2. Our review is informed by the following precepts:

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of her cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court will disturb the trial court's order only upon an error of law or an abuse of discretion.

***Chenot v. A.P. Green Servs., Inc.***, 895 A.2d 55, 61 (Pa. Super. 2006) (internal citations and quotation marks omitted). Further, "the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*." ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). Accordingly, we need not defer to the determinations made by the trial court. ***Id***. "To the extent that this Court must resolve a question

of law, we shall review the grant of summary judgment in the context of the entire record." *Id.*

For purposes of deciding a Motion for Summary Judgment, the record includes the pleadings, depositions, answers to interrogatories, admissions, and affidavits. *Bailets v. Pennsylvania Tpk. Comm'n*, 123 A.3d 300, 301 (Pa. 2015) (citing Pa.R.C.P. 1035.1(1), (2)). "Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015) (citation and quotation omitted).

"It is axiomatic that the elements of a negligence-based cause of action are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss." *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 250 (Pa. Super. 2014) (citations omitted).

> While the existence of a duty is a question of law, whether there has been a neglect of such duty is generally for the jury. However, the issue of whether an act or a failure to act constitutes negligence may be removed from consideration by a jury and decided as a matter of law when the case is free from doubt and there is no possibility that a reasonable jury could find negligence.

*Id.* (*citing Emerich v. Phila. Ctr. for Human Dev., Inc.,* 720 A.2d 1032, 1044 (Pa. 1998)).

Appellant contends that, contrary to the trial court's conclusion, his deposition testimony and that of his co-workers establishes the elements of negligence and, "at a minimum, [it] has created a genuine issue of material fact." Appellant's Br. at 14. He also asserts that "[t]his case even more

speaks to the legal principle of *res ipsa loquitur*" because Appellant showed that Appellee "was called out to perform repairs on the trailer door at issue[;]" Appellee took on the duty to perform the repairs[;]" and "the door would not have been jammed as it had been repeatedly identified to the Appellee and the Appellee had notice and undertook the duty to perform the repair." **Id**. at 14-15. "As such, clearly the Appellee's negligence caused the Appellant's harm." **Id**. at 15.

In granting the Motion for Summary Judgment, the Hon. David J. Williamson rendered an Opinion thoroughly addressing the pleadings and evidence and providing a thoughtful analysis of the relevant law as applied to the facts. *See* Trial Ct. Op., dated Jan. 24, 2019, at 3-5 (finding Appellant "cannot prove" that Appellee owed any duty to him because: (1) Appellant "has not presented sufficient evidence that [Appellee] was ever hired to maintain the trailer in question or that [Appellee] worked on this specific trailer prior to his injury;" (2) Appellant was "unable to recall the number of the trailer he had been operating on the day of the accident;" (3) Appellee produced four invoices for work it had performed on trucks owned by UPS and "[t]he unit numbers of these trucks do not match the photographs of the truck [Appellant] alleges he was injured on;" (4) Appellant's failure to discover documents stored in a facility out of state "does not alleviate [] his burden of establishing a *prima facie* case for breach of duty;" and (5) Appellant "is unable to affirmatively identify the trailer he was driving on the day of the

accident, let alone whether or not [Appellee] had recently serviced it" and he is, thus, unable "to meet the basic threshold to support his claim.")

With respect to the issue of *res ipsa loquitur*, the court observed:

First, there is the issue that [Appellant] has failed to adequately identify which trailer he was injured using and whether or not [Appellee] had ever attempted to service it. Without those facts, it is impossible to say [that] the injury could only have occurred due to the negligence of [Appellee.] Secondly, as the depositions presented by [Appellant] show, the rollup doors of the trailers malfunctioned frequently whether they had been recently worked on or not. Therefore, it is impossible to say that [Appellant's] incident is one which does not normally happen barring a negligent act or even that the negligence of [Appellant] or other third-parties was not a contributing factor.

*Id*. at 6.

Our review of the record, including all of the deposition testimony, and the applicable legal authority, supports the court's rationale, and we see no reason to disturb it. Having found no abuse of discretion or error of law, we affirm the court's grant of summary judgment to Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/19

- 6 -